NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DIALA SUHEIL PHARAON, | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 09-CV-04491 (DMC) |
| JOHN THOMPSON, Director USCIS Newark, New Jersey and THE UNITED STATES CITIZENSHIP & IMMIGRANTION SERVICES, | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by John Thompson, Director of USCIS Newark, New Jersey, and the United States Citizenship & Immigration Services ("USCIS") (collectively, "Defendants") to dismiss the present Complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), and upon motion for summary judgment[1] by Diala Suheil Pharaon ("Plaintiff") under Fed. R. Civ. P. 56. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After considering the submissions of the parties, and based upon the following, it is the decision of this Court that Defendants' motion to dismiss is **granted** and Plaintiff's motion for summary judgment is **denied** as moot.

I. BACKGROUND

Petitioner is a native citizen of Saudi Arabia and presently residing in New Jersey as a lawful

---

[1] As a consequence of the determination that this Court lacks subject matter jurisdiction over Plaintiff's Complaint, the merits of Plaintiff's motion for summary judgment will not be addressed by this Court.

permanent resident alien. Petitioner acquired permanent resident status on June 7, 2000 under the category of unmarried son or daughter of a United States citizen. (Complaint, Exhibit ("Ex.") B).

Plaintiff first applied for naturalization on June 6, 2005. Pursuant to a written decision dated March 24, 2006, Plaintiff was denied naturalization on the ground that Plaintiff had not been lawfully admitted as a permanent resident in June 2000. The explanation presented in that decision is recited as follows:

> On February 2, 2006 you appeared for an interview on your application for Naturalization. During your interview and on your N-400 (Application for Naturalization) you indicated that you were married to your first husband between the years of 1994 and 1997. When questioned about your first marriage you submitted a copy of a Final Divorce Decree stating official divorce date as December 30,1997. At the time of your Adjustment of Status interview on June 2, 2000 you omitted the fact that you were married to Eric Goetz on the I-485 (Application to Register Permanent Residence or Adjust Status) and the G-325A (Biographic Information Application). This discrepancy leads to the denial of your N-400. Your application for Naturalization is hereby denied for Good Moral Character.

On September 15, 2006, Plaintiff reapplied for permanent resident status as the spouse of a United States citizen. On January 24, 2007, Plaintiff's application was denied on the ground that Plaintiff's "adjustment of status application (hereinafter referred to as Form I-485) was approved by the Boston District Office and [Plaintiff] was accorded lawful permanent residence under the category of unmarried son or daughter of a United States Citizen (F16)." The explanation proceeds by indicating that "[t]o date, [Plaintiff] ha[s] not abandoned nor had [ ] lawful permanent resident status revoked."

On April 30, 2007, Plaintiff filed a second application for naturalization. Pursuant to that application, Plaintiff presented herself for an interview at the Newark District Office on January 9, 2008. The USCIS officer conducting the interview reserved decision and advised Plaintiff that

2

coordination with the unit that had previously denied Plaintiff's application was necessary before a decision would be finalized.

Plaintiff asserts that Plaintiff was first notified of the decision to deny Plaintiff's application on May 21, 2009. Robert Casazza, Plaintiff's attorney at the time of the interview, certifies under penalty of perjury that, despite periodic inquiries, neither Plaintiff nor counsel were advised of the USCIS decision in this matter until approximately May 21, 2009 when Mr. Casazza made an in person request in an effort to obtain the final decision. The written decision denying Plaintiff's application is dated October 30, 3008. Joseph Cardinale ("Mr. Cardinale"), Section Manager, Naturalization Unit, Newark, New Jersey Field Office of the USCIS certifies that notice was mailed to Plaintiff via certified mail return receipt requested, however, the administrative file does not contain the "green return receipt" from the United States Postal Service. Mr. Cardinale also represents that in the event an applicant "claims that he or she did not receive the notice of denial and USCIS does not have proof that the denial was served on the applicant, the Newark Field Office will still accept requests for a hearing within thirty days after the applicant actually receives the notice of denial, irrespective of the date of the notice of denial." The letter of denial indicates that Plaintiff "must file a request for a hearing within 30 days of the date of this notice."

The explanation presented as the basis for denial is as follows:

> On June 7, 2000, your immigration status was adjusted to that of a lawful permanent resident prusaunt to the Classification Code (F11) <u>Unmarried Son or Daughter of a United States Citizen</u> by the Boston District Office. You did not disclose the fact that you were married to Eric Goetz from March 17, 1994 to December 30, 1997, which would have changed your preference category.
>
> On 9/18/06 Mousa Abboud, filed an I-130 (Petition for Alien Relative) with an I-485 (Application to Register Permanent Residence or Adjust Status) based upon your marriage to him. On 1/24/07 the I-130 was approved but the I-485 was denied.

3

> Pursuant to the investigation and examination of your application, it is determined that you were not lawfully admitted into the United States for permanent residence in accordance with all applicable provisions of the Immigration Naturalization Act. Your application for naturalization is hereby denied. This decision is made without prejudice toward the filing of a new application in the future.

At the same time, the instructions on the form for filing a request for a hearing indicate the following:

> You must file your request for a hearing within 30 calendar days after service of the decision (33 days if your decision was mailed) with the local office of the U.S. Citizenship and Immigration Services (USCIS) that made the unfavorable decision. (The USCIS is comprised of offices of former Immigration and Naturalization Service.) The date of service is normally the date of the decision. Submit an original request only. Additional copies are not required.

## II.   LEGAL STANDARD

Fed. R. Civ. P. 12(b)(1) permits a party to move for dismissal for lack of subject matter jurisdiction. Rule 12(b)(1) may be invoked in an attack on "the existence of subject-matter jurisdiction in fact, quite apart from any pleading." Cohen v. Kurtzman, 45 F. Supp. 2d 423, 428 (D.N.J. 1999) (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)). In such case, a court may "decide for itself the factual issues which determine jurisdiction." Id. In doing so, "the Court is not confined to examining the face of the pleading, but may consider other evidence demonstrating the existence or lack of jurisdiction." Marina v. Royal Tax Lien Servs., LLC, No. 09-2649, 2010 U.S. Dist. LEXIS 65190, at *5 (D.N.J. June 30, 2010) (quoting Kenny v. United States, No. 08-3921, 2009 U.S. Dist. LEXIS 8322, at *2 (D.N.J. 2009)). "The party asserting jurisdiction bears the burden of demonstrating that jurisdiction is proper." Id. (citing Packard v. Provident Nat'l Bank, 994 F.3d 1039, 1045 (3d Cir. 1993)). "Because at

issue in a factual 12(b)(1) motion is the trial court's jurisdiction - its very power to hear the case - there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Mortensen, 549 F.2d at 891.

## III. DISCUSSION

Defendants contend that this Court lacks subject matter jurisdiction pursuant to 8 U.S.C. § 1447(b) and pursuant to 8 U.S.C. § 1421(c). Plaintiff disputes the absence of jurisdiction, a that jurisdiction is proper under either statute as a consequence of Defendants failure to provide Plaintiff with a final decision in accordance with the statutorily prescribed 120-day time period. As a result, Plaintiff argues that the administrative procedure should be deemed exhausted or, in the alternative, the action should be remanded for administrative review pursuant to 8 U.S.C. § 1447(a).

### A. 8 U.S.C. § 1421(c)

"A party whose application for naturalization has been denied may seek de novo review in a district court pursuant to 8 U.S.C. § 1421(c)." Abulkhair v. Bush, No. 08-5410, 2010 U.S. Dist. LEXIS 59027, at *12-13 (D.N.J. June 14, 2010). Under this statute:

> [a] person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447(a) of this Title, may seek review of such denial before the United States District Court for the district in which such person resides in accordance with chapter 7 of Title 5. Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the Petitioner, conduct a hearing de novo on the application.

Under 8 U.S.C. § 1447(a), "[i]f, after an examination under section 335, an application for

naturalization is denied, the applicant may request a hearing before an immigration officer." Further, in accordance with 8 C.F.R. § 336.1, "[t]he applicant, or his or her authorized representative, may request a hearing on the denial of the applicant's application for naturalization by filing a request with the Service within thirty days after the applicant receives the notice of denial under § 336.1."

The exercise of jurisdiction pursuant to subsection (c) is premised upon the denial of a naturalization application after a hearing before an immigration officer. Plaintiff was entitled to thirty days from the receipt of the notice denying Plaintiff's application to request an administrative hearing. Although Plaintiff was interviewed, Plaintiff never exercised the option for an administrative hearing before an administrative officer. Given that Plaintiff has failed to exhaust administrative remedies in accordance with the foregoing provision, this Court cannot exercise jurisdiction on this ground.

B.  8 U.S.C. § 1447(b)

Defendants assert that the Court cannot exercise jurisdiction pursuant to subsection (b) of section 1447 because a district court lacks jurisdiction where an administrative decision on the matter has been rendered.

Pursuant to § 1447(b),

> [i]f there is a failure to make a determination under section 335 before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

As stated by this Court in <u>Abulkhair v. Bush</u>, a party's request for relief before a district court pursuant to Section 1447(b) is moot where a determination has previously been rendered by USCIS. No. 08-05410, 2008 U.S. Dist. LEXIS 103318, at *3-4 (D.N.J. Dec. 19, 2008). In that case, this Court determined the following:

> Here, Plaintiff alleges that the government unduly delayed the determination of his Application for citizenship because he is Moslem. Plaintiff, because of the significant dely [sic] in the disposition of his application seeks reversal of the USCIS's denial. Plaintiff is correct to complain that the USCIS did not comply with 8 U.S.C. § 1447(b). This notwithstanding, Plaintiff waited until the USCIS has made a determination to seek relief from the Court under 8 U.S.C. § 1447(b). As a result, Plaintiff's Application is moot and it would be inappropriate at this stage for the Court to make a determination or remand the matter to the USCIS for failure to comply with 8 U.S.C. § 1447(b). <u>Perry v. Gonzales</u>, 472 F. Supp. 2d 623, 628 (D.N.J. 2007).

In <u>Bustamante v. Napolitano</u>, 582 F.3d 403, 407 (2d Cir. 2009), the Second Circuit Court of Appeals indicated,

> [w]hen the 120-day period following the initial examination of an applicant has passed, Section 1447(b) contemplates something like a system of concurrent jurisdiction. Similar to a litigant who ordinarily can choose to bring a federal claim before either a federal or state court, *see, e.g.*, <u>Tafflin v. Levitt</u>, 493 U.S. 455, 458-59 (1989), the naturalization applicant, who has an application pending before USCIS beyond the 120-day period, has the option pursuant to Section 1447(b) to continue with proceedings before USCIS or to bring the application before the district court. If the naturalization applicant chooses to do nothing, the application will remain pending before USCIS with the agency maintaining jurisdiction to decide the application. If the naturalization applicant chooses instead to file a Section 1447(b) petition with the district court, then the district court will have jurisdiction to decide the application or remand to USCIS.

Plaintiff filed a Complaint before this Court on August 31, 2009. The interview conducted pursuant to Plaintiff's second application for naturalization occurred on January 9, 2009. The decision rendered by USCIS on October 30, 2008 was actually received by Plaintiff on May 21,

7

2009. In accordance with the foregoing, upon expiration of the statutory period, USCIS retained jurisdiction of Plaintiff's application. Given that USCIS retained jurisdiction of Plaintiff's application, the decision issued on October 31, 2008 and received by Plaintiff on May 21, 2009 renders Plaintiff's application before this Court moot. To the extent Plaintiff sought to divest USCIS of its jurisdiction and proceed before this Court pursuant to 8 U.S.C. § 1447(b), Plaintiff was required to exercise that option upon expiration of the statutorily prescribed 120-day period and prior to receipt of the decision by USCIS. Accordingly, the Court cannot exercise jurisdiction on this ground.

### IV. CONCLUSION

For the foregoing reasons, Respondents' motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) is **granted** and Plaintiff's motion for summary judgment is **denied** as moot.

Dennis M. Cavanaugh, U.S.D.J.

Dated: July 2/, 2010
Original: Clerk
cc: All Counsel of Record
    File