NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DIALA SUHEIL PHARAON, | : | **Hon. Dennis M. Cavanaugh** |
| | : | |
| Plaintiff, | : | **OPINION** |
| | : | |
| v. | : | Civil Action No. 09-CV-04491 (DMC) |
| | : | |
| JOHN THOMPSON, Director USCIS | : | |
| Newark, New Jersey and THE UNITED | : | |
| STATES CITIZENSHIP & | : | |
| IMMIGRANTION SERVICES, | | |
| | | |
| Defendants. | | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Diala S. Pharaon ("Plaintiff") for reconsideration of this Court's Opinion and Order dismissing Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of the Court that Plaintiff's motion for reconsideration is **denied**.

## I.   BACKGROUND[1]

Plaintiff is a native citizen of Saudi Arabia and presently residing in New Jersey as a lawful permanent resident alien.  Plaintiff acquired permanent resident status on June 7, 2000 under the category of unmarried son or daughter of a United States citizen.

Plaintiff first applied for naturalization on June 6, 2005.  Pursuant to a written decision

---

[1] The facts set-forth in this Opinion are taken from the Parties' statements in their respective papers.

dated March 24, 2006, Plaintiff was denied naturalization on the ground that Plaintiff had not been lawfully admitted as a permanent resident in June 2000. The explanation presented in that decision is recited as follows:

> On February 2, 2006 you appeared for an interview on your application for Naturalization. During your interview and on your N-400 (Application for Naturalization) you indicated that you were married to your first husband between the years of 1994 and 1997. When questioned about your first marriage you submitted a copy of a Final Divorce Decree stating official divorce date as December 30,1997. At the time of your Adjustment of Status interview on June 2, 2000 you omitted the fact that you were married to Eric Goetz on the I-485 (Application to Register Permanent Residence or Adjust Status) and the G-325A (Biographic Information Application). This discrepancy leads to the denial of your N-400. Your application for Naturalization is hereby denied for Good Moral Character.

On September 15, 2006, Plaintiff reapplied for permanent resident status as the spouse of a United States citizen. On January 24, 2007, Plaintiff's application was denied on the ground that Plaintiff's "adjustment of status application (hereinafter referred to as Form I-485) was approved by the Boston District Office and [Plaintiff] was accorded lawful permanent residence under the category of unmarried son or daughter of a United States Citizen (F16)." The explanation proceeds by indicating that "[t]o date, [Plaintiff] ha[s] not abandoned nor had [] lawful permanent resident status revoked."

On April 30, 2007, Plaintiff filed a second application for naturalization. Pursuant to that application, Plaintiff presented herself for an interview at the Newark District Office on January 9, 2008. The USCIS officer conducting the interview reserved decision and advised Plaintiff that coordination with the unit that had previously denied Plaintiff's application was necessary before a decision would be finalized.

Plaintiff asserts that she was first notified of the decision to deny her application on May 21, 2009. Robert Casazza, Plaintiff's attorney at the time of the interview, certifies under penalty

of perjury that, despite periodic inquiries, neither Plaintiff nor counsel were advised of the

USCIS decision in this matter until approximately May 21, 2009 when Mr. Casazza made an in

person request in an effort to obtain the final decision.  The written decision denying Plaintiff's

application is dated October 30, 2008.  Joseph Cardinale ("Mr. Cardinale"), Section Manager,

Naturalization Unit, Newark, New Jersey Field Office of the USCIS certifies that notice was

mailed to Plaintiff via certified mail return receipt requested, however, the administrative file

does not contain the "green return receipt" from the United States Postal Service.  Mr. Cardinale

also represents that in the event an applicant "claims that he or she did not receive the notice of

denial and USCIS does not have proof that the denial was served on the applicant, the Newark

Field Office will still accept requests for a hearing within thirty days after the applicant actually

receives the notice of denial, irrespective of the date of the notice of denial." The letter of denial

indicates that Plaintiff "must file a request for a hearing within 30 days of the date of this notice."

The explanation presented as the basis for denial is as follows:

> On June 7, 2000, your immigration status was adjusted to that of a lawful permanent resident pursuant to the Classification Code (F11) Unmarried Son or Daughter of a United States Citizen by the Boston District Office. You did not disclose the fact that you were married to Eric Goetz from March 17, 1994 to December 30, 1997, which would have changed your preference category.

> On 9/18/06 Mousa Abboud, filed an I-130 (Petition for Alien Relative) with an I-485 (Application to Register Permanent Residence or Adjust Status) based upon your marriage to him.  On 1/24/07 the I-130 was approved but the I-485 was denied.

> Pursuant to the investigation and examination of your application, it is determined that you were not lawfully admitted into the United States for permanent residence in accordance with all applicable provisions of the Immigration Naturalization Act.  Your application for naturalization is hereby denied.  This decision is made without prejudice toward the filing of a new application in the future.

At the same time, the instructions on the form for filing a request for a hearing indicate the

following:

You must file your request for a hearing within 30 calendar days after service of the decision (33 days if your decision was mailed) with the local office of the U.S. Citizenship and Immigration Services (USCIS) that made the unfavorable decision.  (The USCIS is comprised of offices of former Immigration and Naturalization Service.) The date of service is normally the date of the decision. Submit an original request only.  Additional copies are not required.

Plaintiff filed a Complaint against John Thompson, Director USCIS Newark, New Jersey and USCIS (collectively "Defendants") on August 31, 2009 and sought a de novo review of the denial of her application for citizenship.  Subsequently, Defendants moved to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and Plaintiff cross-moved for summary judgment pursuant to Fed. R. Civ. P. 56.  This Court granted Defendants' motion to dismiss for lack of subject matter jurisdiction, and denied as moot Plaintiff's motion for summary judgment.  Plaintiff has moved for reconsideration of this Court's decision pursuant to Local Rule 7.1.

## II.    STANDARD OF REVIEW

Motions for reconsideration in this district are governed by L. Civ. R. 7.1(i).  See U.S. v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999).  Local Rule 7.1(i) requires that a movant submit "concisely the matter or controlling decisions which the party believes the [Judge] has overlooked."  L. Civ. R. 7.1(i).  A motion pursuant to Local Rule 7.1(i) may be granted only if (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice.  Database Am., Inc. v. Bellsouth Adver. & Pub. Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993).  Such relief is "an extraordinary remedy" that is to be granted "very sparingly."  See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996). Local Rule 7.1(i) does not contemplate a recapitulation of arguments considered by the

4

Court before rendering its original decision.  See Bermingham v. Sony Corp. Of Am., Inc., 820

F. Supp. 834, 856 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994).  In other words, a motion

for reconsideration is not an appeal.  It is improper on a motion for reconsideration to "ask the

court to rethink what it ha[s] already thought through - rightly or wrongly."  Oritani Sav. & Loan

Ass'n v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990).

## III.   Discussion

Plaintiff argues that this Court has jurisdiction pursuant to 8 U.S.C. § 1447(b) or 8 U.S.C.

1421(c) as a consequence of Defendants failure to provide Plaintiff with a final decision within

the statutorily proscribed 120-day time period.[2]   Alternatively, Plaintiff argues this court should

remand for administrative review based on 8 U.S.C. § 1447(a).  This Court has already

considered and rejected Plaintiff's arguments, and determined that this Court lacked subject

matter jurisdiction.  Plaintiff is now seeking a different result by recapitulating old arguments.[3]

---

[2]

In the motion for reconsideration, Plaintiff argues this Court previously ignored her argument
that administrative remedies should be deemed exhausted because the denial letter, dated
October 30, 2008, explicitly stated she had thirty days to appeal and she did not receive notice of
the denial until May 21, 2009, after the thirty days had passed.  Plaintiff argues that since she did
not receive notice until after the thirty days had passed, the administrative remedies should be
deemed exhausted.  However, the Court did consider this argument.  In determining this Court
lacked jurisdiction, the Court relied in part on 8 C.F.R. § 336.2(a), which provides that "[t]he
applicant, or his or her authorized representative, may request a hearing on the denial of the
applicant's application for naturalization by filing a request with the Service within thirty days
after the applicant receives notice of denial." (emphasis added).  Plaintiff does not dispute
receiving actual notice of the denial on May 21, 2009, and that she did not meet the thirty day
deadline.  As this Court previously stated, the exercise of jurisdiction pursuant to 8 U.S.C. §
1421(c) is premised upon the denial of a naturalization application after a hearing before an
immigration officer.  Plaintiff had thirty days from the receipt of notice denying Plaintiff's
application to request an administrative hearing.  Plaintiff failed to exhaust administrative
remedies in accordance with the foregoing provision.  Therefore, this Court lacked subject matter
jurisdiction.

[3]

This Court notes, by way of example, that Plaintiff's brief in support of the motion for

Reconsideration is inappropriate where the motion merely raises a party's disagreement with the Court's decision or seeks to rehash arguments already raised and rejected. See Russell v. Levi, 2006 WL 2355476 *1-2 (D.N.J. Aug. 15, 2006); Oritani Sav. & Loan Ass'n, 744 F. Supp. at 1314; Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 163 (D.N.J. 1988). Such is the case here. Plaintiff simply disagrees with the Court's decision not to deem the exhaustion requirement satisfied, or alternately to remand for administrative review, and are merely recapitulating arguments raised in the underlying proceeding. The Court has already considered these arguments, and Plaintiff is now improperly asking the court to "rethink what it has already thought through." Oritani Sav. & Loan Ass'n, 744 F. Supp. at 1314.

## IV.  CONCLUSION

For the reasons stated, it is the finding of the Court that Plaintiff's motion for reconsideration is **denied**.  An appropriate Order accompanies this Opinion.

  S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:          March  17 , 2011
Orig.:         Clerk
cc:            All Counsel of Record
               File

---

reconsideration includes an argument for remand that is an almost identical recitation of the argument Plaintiff previously made.